Mr. Kie D. Hall, Executive Director Arkansas Public Employees Retirement System One Capitol Mall Little Rock, Arkansas 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion on the minimum retirement age for sheriffs as set by Act 966 of 1989 (codified at A.C.A. § 24-3-102 (Supp. 1989), and Act 672 of 1991.
You note that Act 793 of 1977 (A.C.A. § 24-3-102 9(C)) establishes the "normal" retirement age for public safety members as age 65 and reduces that age by one month for each two months of public safety credited service, but in no event less than age 55. As you note, Act 966 of 1989 amended this provision to set the normal retirement age as follows:
 For a member with credited service for employment as a public safety employee or as a sheriff, age sixty-five (65) years reduced by one (1) month for each two (2) months of such credited service, but in no event to an age younger than fifty-five (55) years, except in the case of members of the Arkansas State Police Retirement System and sheriffs who have a minimum of ten years of actual service as a sheriff, for whom the minimum retirement age shall be fifty-two (52) years; [Emphasis added.]
Act 672 of 1991 amended this provision further to require at least 10 years actual service as a sheriff or eight years of actual service as a sheriff and at least 2 years credited service in another state supported retirement system.
You state that it has been your interpretation that Act 966 of 1989 added an additional requirement to the retirement of sheriffs, i.e. that they have ten years of actual service as a sheriff. You believe that this requirement is in addition to the requirement that the age 65 retirement age must be reduced by one month for each two months of service to reach the age of 52. In other words, your interpretation is that for a sheriff to retire at age 52, he must have twenty-six (26) years of public safety service [which would reduce the age 65 limitation to 52, (65-13 years (one month for each two months served) = 52)] AND ten years of actual service as a sheriff.
I do not agree. It is my opinion that Act 966 of 1989 excepted sheriffs with ten years actual service from the 65 year old normal retirement age and the reduction according to months served. Under Act 966, a sheriff may retire at age 52 if he has ten actual years of service as a sheriff. This office has previously so stated. See Opinion No. 91-168, a copy of which is enclosed.[1]
The answer depends upon a construction of A.C.A. § 24-3-102 (9)(C). Your interpretation reads the exclusionary clause in that section, ("except in the case of members of the Arkansas State Police Retirement System and sheriffs . . .") as excepting these persons only from the floor age limit of 55 beyond which there can be no reduction according to months served. You see the exception as changing this floor age from 55 to 52 if the additional requirement of ten years service as a sheriff is met. The more proper construction, in my opinion, is that the exclusionary clause excepts State
Police Retirement members and sheriffs with ten years of actual service as a sheriff from everything in section (9)(C) which precedes it. That is, when (9)(C) excepts State Police members and sheriffs with ten years of service, it is excepting them from the 65 year old normal retirement age and the reduction process whereby two months reduces age 65 by one month. The only requirement for sheriffs with ten actual years of service is that they must be 52 years of age.
This conclusion is borne out by language in the title of Act 966 of 1989:
 AN ACT to Amend Arkansas Code 24-3-102 (9)(C) to Provide Sheriffs who are Members of the Public Employers Retirement System Non-Contributory Plan with the Same Normal Retirement Age as Provided for State Troopers; and for Other Purposes.
It is significant to note that although state troopers are entitled under A.C.A. § 24-6-212 to retire under some circumstances at age 50, instead of age 52, they are entitled to retire at this age after ten years of credited service.
It is therefore my opinion that a sheriff who reaches the age of 52 with ten actual years of service as a sheriff or eight actual years and two years credited service in another state system, may retire without satisfying any other requirements of § 24-3-102(9)(C). See again, Opinion No. 91-168.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Of course, sheriffs who have not accumulated ten years of actual service as a sheriff are subject to the 65 year old age requirement and the reduction process, as can be seen from the use of the word "sheriff" preceding the requirement.